**JUDGE COTE**

Daniel L. Abrams (DA 7258)
Law Office of Daniel L. Abrams, PLLC
2 Penn Plaza, Suite 1910
New York, New York 10121
(212) 292-5663
Attorneys for Plaintiffs

**06 CV 11512**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RSM PRODUCTION CORPORATION,
JACK J. GRYNBERG, and
GRYNBERG PETROLEUM COMPANY,

Plaintiffs,

v.

MIKHAIL FRIDMAN, LEN BLAVATNIK,
LEV KORCHAGIN and GREGORY BOWEN,

Defendants.



COMPLAINT

JURY TRIAL DEMAND

Plaintiffs, RSM Production Corporation ("RSM"), Jack J. Grynberg individually, and Jack J. Grynberg d/b/a Grynberg Petroleum Company (collectively "Grynberg"), through counsel, file their complaint against the Defendants Mikhail Fridman, Len Blavatnik, Lev Korchagin and Gregory Bowen, and for grounds allege:

### PARTIES

1.  Plaintiff RSM Production Corporation is a corporation incorporated in the State of Texas, whose address was 5000 S. Quebec Street, Suite 500, Denver, Colorado 80237, and later 5299 DTC Boulevard, Suite 500, Greenwood Village,

1

Colorado 80111. Plaintiff Jack J. Grynberg is a resident and citizen of the State of Colorado, whose address is c/o Grynberg Petroleum Company, 5299 DTC Boulevard, Suite 500, Greenwood Village, Colorado 80111.

2.    Defendant Mikhail Fridman ("Fridman") is Chairman of the Board of Directors of TNK-BP. TNK-BP is a Russian oil company, established in September 2003 as a result of the merger of Russian companies TNK (Tyumen Oil Co.) and SIDANCO with the majority of BP's Russian oil assets. The company is 50% owned by BP (British Petroleum Company, PLC) and 50% by a group of prominent Russian investors: Alfa Group, Access Industries and Renova (AAR). Defendant Fridman is Chairman of the Board of Directors of the Alfa Group Consortium, and Chairman of the Board of Directors of Alfa-Bank, which has offices at 540 Madison Avenue, 30th floor, in New York, New York 10022. Upon information and belief Defendant Fridman, with no knowledge of the Caribbean geology and geophysics, is acting both on his own behalf and as a surrogate for Lord Browne and BP, which has vast oil and natural gas production, liquefied natural gas (LNG) operations, and development across the border in Trinidad and Tobago. BP is a giant international and U.S. domestic integrated oil and energy company.

3.    Defendant Len Blavatnik is a member of the Board of Directors of TNK-BP. TNK-BP is a Russian oil company, established in September 2003 as a result of the merger of Russian companies TNK (Tyumen Oil Co.) and SIDANCO with the majority of BP's Russian oil assets. The company is 50% owned

by BP and 50% by a group of prominent Russian investors: Alfa Group, Access Industries and Renova (AAR). Upon information and belief Defendant Blavatnik maintains a residence in New York at 2 East 63rd Street, 10021, and conducts business affairs through his company Access Industries, at 730 5th Avenue, New York, New York, 10019. Upon information and belief Defendant Blavatnik, with no knowledge of the Caribbean geology and geophysics, is acting on his own behalf and as a surrogate for Lord Browne (BP Chief Executive), and BP, which has vast oil and natural gas production, liquefied natural gas (LNG) operations, and development across the border in Trinidad and Tobago. BP is a giant international and U.S. domestic integrated oil and energy company.

4. Defendant Lev Korchagin is an attorney in Russia and the legal and business advisor for, and conspirator with, the Defendants in their tortious activities against the Plaintiffs. Defendant Korchagin has called Grynberg last year on the phone several times at the Grynberg offices in Colorado. Defendant Korchagin's business mailing address in Moscow is 123182, Moscow, Russia, Ulitsa Aviatsionnaya, 24, Building 1 Lawyers Bureau "ICA". Defendant Korchagin is on the Board of Directors of Global Petroleum Group, Ltd., with a mailing address of P.O. Box 346, St. George's, Grenada.

5. Defendant Gregory Bowen is the Minister of Agriculture, Lands, Forestry, Fisheries, Public Utilities and Energy for Grenada. The address at the Ministry of Agriculture, Lands, Forestry, Fisheries, Public Utilities and Energy is,

3

Ministerial Complex, Botanical Gardens, Tanteen, St. George's, Grenada, West Indies. Gregory Bowen made, and continues to make, frequent trips to the United States, and may own property in the U.S. Mr. Bowen was in New York for several days during the week of June 5, 2006. Grenada maintains a Consulate General of Grenada Office in New York, at 800 Second Avenue, New York, New York 10017.

## BACKGROUND INFORMATION

6.  RSM and the nation of Grenada signed an exclusive Petroleum Agreement in July 1996. The Petroleum Agreement was to have resulted in an oil and natural gas exploration, development and prodcution license being issued by Grenada to RSM. Grynberg worked, and works, on behalf of RSM in efforts to explore, discover and develop oil and natural gas reserves in offshore Grenada, for the benefit of the people of Grenada, the United States of America, as well as the free world.

7.  Jack J. Grynberg is 74 years old. He is president and co-owner of Grynberg Petroleum Company. Grynberg is a citizen of the United States and of the State of Colorado. He is a graduate and a trustee emeritus of the Colorado School of Mines. Grynberg has been actively involved in oil and natural gas research, exploration, development and production for more than fifty (50) years and is responsible for numerous oil and natural gas field discoveries and extensions in the United States and overseas. He is a Registered Professional Engineer in good standing in the States of Colorado, South Dakota, Oklahoma and Texas, is a

member of many professional and trade associations, author of numerous publications and holder of a U.S. patent for the application of laser beams for the continuous detection and identification of hydrocarbons in the mud stream coming out of a bore hole while drilling. He was appointed by President Ford and reappointed by President Carter to the Committee on Nuclear and Alternate Energy of the National Academy of Sciences. He was appointed by President Clinton to participate in the presidential mission to Russia in March 1994 headed by the late Secretary of Commerce Ron Brown representing the United States oil and gas industry. He has been a speaker at the 5th, 6th and 7th United Nations sponsored conference on African Oil, Gas and Finance, where he represented the United States at the 7th conference. For the past several years he has been a speaker at oil and natural gas international conferences in London, England, Cape Town, South Africa, Rio de Janeiro, Brazil, Houston, Texas, Barcelona, Spain and Lille, France. Mr. Grynberg's resume is attached hereto and incorporated by reference, marked as Exhibit "A". Mr. Grynberg has been part of an enormous effort over many years to right wrongs in the payment of natural gas royalties to the United States, including royalties to Native Americans. Over seventy legal actions against over three hundred defendants were brought pursuant to the False Claims Act, 31 U.S.C. § 3729 et seq., and are now pending as part of Multidistrict litigation in the United States District Court for the District of Wyoming,

Multidistrict Case No. 99-MD-1293. (*See* attached Exhibits "B", "C" and "D" for further information about Mr. Grynberg and about the Multidistrict litigation). Mr. Grynberg appeared in May 2006, in front of U.S. Congressional Committees on Government Reform and on Natural Resources, and was instrumental in a July 19, 2006, letter from six (6) Congresspersons of both parties to the Minerals Management Service and the Bureau of Land Management. A copy of the letter is attached hereto as Exhibit "E". The letter was the forerunner of a Congressional Bill currently in the process of being introduced in the U.S. Congress in November 2006. In late January 1999, Jack J. Grynberg made a presentation to Robin Morris, the General Counsel of BPX (British Petroleum Exploration Company) in Denver, Colorado, on the oil and natural gas potential of offshore Grenada. Mr. Grynberg gave Mr. Morris confidential geologic and geophysical information to take with him to London. BPX turned down the opportunity a few months later, but apparently is now trying to get into the project through the back door.

8.  In September 1996, in Grenada, Defendant Gregory Bowen advised Jack Grynberg that he expected significant bribe payments from RSM and Grynberg in order for them to do business in Grenada. After the refusal of RSM and Grynberg to pay bribes to the Defendant Bowen, Defendant Bowen obstructed, harassed and intimidated RSM and Grynberg in their efforts to explore, develop and produce Grenada's oil and natural gas resources, including, but not, limited to: rescinding the Special Envoy to Venezuela status of Jack Grynberg, which he was

using to attempt to resolve boundary disputes between Grenada and Venezuela, refusing to participate in a case in the International Court of Justice between Grenada and Trinidad and Tobago to resolve boundaries, filed at great expense by RSM, granting illegal permission to other parties to perform seismic work on exclusive license area of the Plaintiffs, and taking no steps to preserve Grenada's United Nations seismic data after Grynberg offered to preserve and reprocess the data at no cost to the Grenadian government. RSM at its own expense has utilized its technical, scientific and economic knowledge to resolve boundary disputes in spite of obstacles created by Gregory Bowen. RSM is presently incurring the large costs of an arbitration with Grenada before the International Centre for Settlement of Investment Disputes (ICSID) of the World Bank in London, England.

9. Defendants have conspired to interfere with the existing Petroleum Agreement between RSM and Grenada and the issuance of the oil and natural gas exploration, development and production license by Grenada to RSM, pursuant to an active and valid exclusive contract agreement. Defendants are attempting to profit from the exploration, development and production of Grenada's oil and natural gas, which is behind their interference with the existing exclusive RSM Petroleum Agreement.

10. RSM and Grynberg claim against Defendants, for damages for intentional interference with a significant and excellent prospective business advantage, which will in addition supply the badly needed oil and natural gas

demand of the United States and enhance the National Security of the United States of America.

11. Defendants Fridman and Blavatnik each have violated the U.S. Foreign Corrupt Practices Act, by supplying money to a Grenada Government Official, namely Minister Gregory Bowen, by promising more bribes to Defendant Bowen in the future.

## JURISDICTION AND VENUE

12. Subject matter jurisdiction is appropriate in this action pursuant to 28 U.S.C. § 1332, based upon diversity of citizenship.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (d).

## FACTUAL ALLEGATIONS

14. RSM and the nation of Grenada signed an exclusive Petroleum Agreement in July 1996. The Exclusive Petroleum Agreement was to have resulted in an oil and natural gas exploration, development and production license being issued automatically by Grenada to RSM. Grynberg worked, and works, on behalf of RSM in efforts to discover and develop oil and natural gas reserves in offshore Grenada. RSM has made significant investments in seismic and subsurface exploration offshore Grenada and surrounding areas. Grynberg was the first company to conduct seismic work offshore Grenada in 1971, a copy of which was given to Gregory Bowen.

15. Because of potential boundary issues a *force majeure* period occurred. By letter dated July 18, 1996, RSM provided notice to the Government of Grenada, which was accepted, and agreed to, by Grenada through the countersignature of the then Minister of State, Ministry of Finance, Senator Patrick Bubb. In the nearly eight (8) years that followed, both Grenada and RSM worked on resolving the necessary boundary issues, in spite of many obstacles created by Gregory Bowen personally.

16. In reliance upon Grenada's contractual promise that an exploration license would be issued upon RSM's application, RSM made substantial investments during this eight-year (8) period in acquiring new, and reprocessing older, seismic and geophysical exploration data and other subsurface geologic data pertaining to all the offshore waters of Grenada.

17. By preliminary letter dated January 12, 2004, RSM wrote to the Prime Minister of Grenada, advising him that RSM believed that sufficient progress had been made to allow it to proceed and that it was in the process of revoking the *force majeure*.

18. By letter dated February 19, 2004, the Honorable Gregory Bowen, Grenada's Minister for Agriculture, Lands, Forestry, Fisheries, Public Utilities and the Marketing and National Importing Board, wrote to RSM, advising it that the January 12th letter had been passed to his legal department for advice on the agreement and the effect of the *force majeure*.

19. RSM delivered its application for an oil and natural gas exploration license to the Permanent Secretary of the Ministry of Finance on April 14, 2004, after a four (4) day holiday.

20. RSM, not having received any communication from Grenada of any type since Mr. Bowen's letter of February 29, 2004, sent its agent, David Myrick, Jr., to meet personally with government officials in Grenada. On April 20, 2004, Mr. Myrick met with Minister Bowen, who expressed his frivolous concerns that the exploration license application did not contain audited financial statements and that a corporate surety bond had not been provided to cover the cost of the first exploration well. Minister Bowen's comments did not indicate a rejection of the application, but rather concerns over certain portions of its contents relating to financial assurance. None of these concerns were in the valid exclusive contract between Grenada and RSM, and Minister Bowen's request was both frivolous and a harassment. This exclusive contract was freely negotiated with the Prime Minister of Grenada, who utilized strong advice from experts in the Oil and Gas offices of the Commonwealth Advisory Service in London, Great Britain.

21. By letter dated April 27, 2004, Minister Bowen advised RSM for the first time of his position that the RSM exploration license application had been untimely filed.

22. By letter dated May 4, 2004, RSM explained to Minster Bowen its computation of the 90-day application period and requested guidance as to how the dispute might amicably be settled.

23. By letter dated May 21, 2004, Minister Bowen stated that the Government of Grenada was not in agreement with RSM.

24. By letter dated June 16, 2004, RSM again sought an amicable resolution of the dispute.

25. By letter dated July 1, 2004, Minister Bowen rebuffed RSM's efforts to resolve these issues, indicating that all future correspondence would be from Grenada's legal team.

26. From July 1, 2004 to August 31, 2004, no correspondence or other communications were received by RSM from Grenada's legal team or any other representative of Grenada.

27. RSM filed a Request for Arbitration with the International Centre For Settlement Of Investment Disputes ("ICSID"), on or about August 31, 2004. The Arbitration between RSM and Grenada is now pending with the ICSID, at great expense to RSM as well as to Grenada and its People, and potentially to the United States of America.

28. The Defendants have conspired to finance Grenada's legal defense of the non-issuance of the oil and natural gas exploration, development and production license to RSM, and have persuaded Grenada to not issue such an oil and natural

gas license to RSM as required by an exclusive existing contract, for highly technical, insignificant and flimsy reasons. The issuance of the license was originally intended to be, and should be, a mere formality. There is nothing to the contrary in Grenada law, nor in the contract.

29.     The Defendants have conspired to interfere with the issuance of an oil and natural gas exploration, development and production license by Grenada to Plaintiffs, are financing Grenada's defense in ICSID and are supporting a corrupt Grenada Minister who solicited a bribe from Grynberg, which was refused, and thereby have interfered with a vast and very significant prospective business advantage of the Plaintiffs, as well as of Grenada, its People and the United States, which badly needs nearby oil and natural gas supplies. Minister Bowen informed Jack J. Grynberg in September 1996, in Grenada that the Minister expected significant bribes from RSM and Jack J. Grynberg in order for RSM to do business in Grenada. Minister Bowen stated that his Ministry salary was too small for he and his family to live on. The People of Grenada have suffered greatly after its devastating hurricane of 2004, and are entitled to the fruits of its natural resources, which is being unnecessarily delayed by a crooked Minister for his own personal and greedy benefit. The Defendants' actions have also greatly affected the National Security of the United States, as further explained in Paragraph 32 herein. The bribe, if given, would have placed the Plaintiffs in violation of the Foreign Corrupt Practices Act of the United States, which carries a minimum penalty of a

$1,000,000.00 fine and five (5) years in prison. The Plaintiffs herein have never violated the U.S. Foreign Corrupt Practices Act, although Minister Bowen has obstructed, harassed and intimidated RSM and Grynberg since the Plaintiffs refused to pay bribes to Minister Bowen.

## FIRST CAUSE OF ACTION – INTENTIONAL TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGES

30.     Plaintiffs fully incorporate paragraphs 1-29 above, and claim against Defendants for damages for intentional tortious interference with prospective business advantages.

31.     The Defendants have intentionally and improperly interfered with Plaintiffs' ongoing, transparent and active business relationship with Grenada, and Plaintiffs' prospective business advantages arising out of the issuance of an oil and natural gas exploration, development and production license by Grenada to Plaintiffs, as required by the exclusive July 1996 contract.

32.     The Defendants' actions have prevented Plaintiffs from developing oil and natural gas reserves in Grenadian offshore territory, the boundary of which was litigated and successfully negotiated with Trinidad and Tobago at RSM's expense with RSM's technical and scientific acumen, for the benefit of Grenada and its People as well as the United States, in reducing drastic American shortages of hydrocarbons and eliminating American dependence on oil and natural gas from the

Middle East and from Venezuela. This has resulted in damages, the precise amount of which will be determined at trial but at least $500,000,000.

## SECOND CAUSE OF ACTION:
## TORTIOUS INTERFERENCE WITH CONTRACT

33. Plaintiffs fully incorporate paragraphs 1-32 above.

34. RSM and the nation of Grenada signed an exclusive Petroleum Agreement in July 1996. The Exclusive Petroleum Agreement was to have resulted in an oil and natural gas exploration, development and production license being issued automatically by Grenada to RSM. This agreement was valid and enforceable.

35. Defendants were aware of the contractual agreement between the nation of Genada and RSM.

36. Based on the actions alleged herein, Defendants interfered with the contractual agreement between the nation of Grenada and RSM.

37. As a result of the foregoing, plaintiffs have been damaged, the precise amount to be determined at trial but at least $500,000,000.

WHEREFORE, Plaintiffs claim for judgment against Defendants, for damages in excess of five-hundred million dollars ($500,000,000.00), for costs, expenses, attorney fees, interest, and for such further and other relief as may be ordered by this Court.

Date: October 31, 2006

        Respectfully submitted,

        */s/ Daniel L. Abrams*

        Daniel L. Abrams
        Law Office of Daniel L. Abrams, PLLC
        2 Penn Plaza, Suite 1910
        New York, NY 10121
        Phone: (212) 292-5663
        Fax: (646) 536-8905
        Dan@LawyerQuality.com

        Stuart Shapiro
        Grynberg Petroleum Company
        5299 DTC Boulevard, Suite 500
        Greenwood Village, CO 80111

        Attorneys for Plaintiffs