```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
RSM PRODUCTION CORP., JACK J. GRYNBERG,   :
and GRYNBERG PETROLEUM COMPANY,          :
                                         :    06 Civ. 11512 (DLC)
                          Plaintiffs,    :
                                         :    MEMORANDUM OPINION
             -v-                         :         AND ORDER
                                         :
MIKHAIL FRIDMAN, LEN BLAVATNIK, LEV       :
KORCHAGIN and GREGORY BOWEN,             :
                                         :
                          Defendants.    :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

On March 6, this Court granted plaintiffs a ninety-day extension of time to serve any defendants who had not been served at that time. An Order of April 5 confirmed that there would be no further extension of the June 4 deadline to serve any defendant. On May 9, plaintiffs moved for court-directed service of process upon defendants Mikhail Fridman ("Fridman") and Lev Korchagin ("Korchagin"), who reside in the Russian Federation, pursuant to Fed. R. Civ. P. 4(f)(3) ("Rule 4(f)(3)"). They request permission to serve defendant Fridman through service on his counsel in New York by hand delivery or Federal Express, and to serve defendant Korchagin through certified international mail or Federal Express International Priority Mail at his Moscow business address. The motion is

granted with respect to Fridman and denied with respect to Korchagin.

Rule 4(f)(3) permits a court to direct service on a defendant in a foreign country by any "means not prohibited by international agreement." The proposed means of service "must also comport with constitutional notions of due process," Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002), which requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Luessenhop v. Clinton County, New York, 466 F.3d 259, 269 (2d Cir. 2006) (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." Brockmeyer v. May, 383 F.3d 798, 805 (9th Cir. 2004) (citation omitted); see also Rio Props., 84 F.3d at 1016.

Service on a foreign defendant pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, [1969] 20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Service Convention"), is "mandatory" when serving a defendant who resides in a foreign country that is a signatory to the convention. Volkswagenwerk

v. Aktiengesellschaft, 486 U.S. 694, 699 (1988); see, e.g., Burda Media, Inc. v. Viertel, 417 F.3d 292, 299-300 (2d Cir. 2005).  The Hague Service Convention permits service via the designated "Central Authority" of the country in which service is to be made.  Burda Media, 417 F.3d at 300.  Court-directed service pursuant to Rule 4(f)(3) may be justified under certain circumstances, however, such as when Hague Service Convention methods do not permit service "within the time required by the circumstances."  Fed. R. Civ. P. 4(f)(3), Advisory Comm. Notes, 1993 Amendment.

While the Russian Federation and the United States are both parties to the Hague Service Convention, plaintiffs have offered evidence showing that the Russian Federation's designated Central Authority "is no longer processing service requests from the United States until the United States resumes service of Russian letters rogatory on a reciprocal free basis in accordance with the [sic] Russian-American long-term judicial practices."[1]  Court-directed service pursuant to Rule 4(f)(3) is warranted because plaintiffs have demonstrated that they are currently unable to serve defendants Fridman and Korchagin in

---

[1] The plaintiff has failed to address whether a 1935 agreement between the United States and the Union of Soviet Socialist Republics or the Hague Service Convention remain in force with respect to the United States and the Russian Federation.

the Russian Federation pursuant to Hague Service Convention procedures.

Neither the Hague Service Convention nor apparently any other current international agreement between the two countries prohibits service on a defendant residing in the Russian Federation through service on his counsel in the United States. See Forum Fin. Group, LLC v. President and Fellows of Harvard Coll., 199 F.R.D. 22, 24 (D. Me. 2001) (permitting service on defendant in the Russian Federation through service on his New York lawyer, prior to the Russian Federation's joining of the Hague Service Convention).  Nor is service on Fridman through service on his lawyer in New York likely to violate constitutional standards of due process.  Ehrenfeld v. Salim A Bin Mahfouz, No. 04 Civ. 9641 (RCC), 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005); Forum Fin. Group, 199 F.R.D. at *25.  The plaintiffs' motion is therefore granted with respect to defendant Fridman.

The Hague Service Convention, if it is in force between the United States and the Russian Federation, prohibits service through certified international mail or Federal Express International Priority mail on individuals residing in the Russian Federation due to that country's objection to Article 10 of the convention.  Article 10 permits service through the

mailing of "judicial documents, by postal channels, directly to persons abroad," absent any objection by the country in which the defendant is located.  District courts have found service through such methods unavailable to serve defendants who reside in foreign countries that have acceded to the Hague Service Convention with an objection to Article 10.  See, e.g., Ferrostaal, Inc. v. Haci Hassan Yardim, No. 03 Civ. 4886 (GBD), 2006 WL 2819585, at *2 (S.D.N.Y. Sept. 29, 2006) (service through postal channels to defendant in Turkey impermissible); Shenouda v. Mehanna, 203 F.R.D. 166, 171 (D.N.J. 2001) (service through postal channels to defendant in Egypt impermissible). Plaintiff's motion to serve defendant Korchagin by certified international mail or Federal Express International Priority Mail to his Moscow business address is therefore denied.  It is hereby

ORDERED that plaintiffs may effect service upon defendant Fridman through transmission of the Summons, Complaint, and other case initiation documents to Fridman's United States counsel, Robert Pees, Esq., at the New York offices of Akin Gump Strauss Hauer and Feld LLP via hand delivery no later than June 4.

IT IS FURTHER ORDERED that plaintiffs shall serve defendant Korchagin by June 4 through a means not prohibited by any

international agreement between the United States and the Russian Federation.

SO ORDERED:

Dated:   New York, New York
         May 24, 2007

                                                      DENISE COTE
                                       United States District Judge