```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
RSM PRODUCTION CORP., JACK J. GRYNBERG,   :
and GRYNBERG PETROLEUM COMPANY,          :
                                         :    06 Civ. 11512 (DLC)
                        Plaintiffs,      :
                                         :    OPINION AND ORDER
              -v-                        :
                                         :
MIKHAIL FRIDMAN, LEN BLAVATNIK, LEV      :
KORCHAGIN and GREGORY BOWEN,             :
                                         :
                        Defendants.      :
                                         :
-----------------------------------------X
```

Appearances:

For Plaintiffs:
Daniel L. Abrams
2 Pennsylvania Plaza, Suite 1910
New York, New York 10121

For Defendant Len Blavatnik:
Turner P. Smith
Myles K. Bartley
Joshua L. Blosveren
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178

For Defendant Gregory Bowen:
Jeh Charles Johnson
Koren L. Bell
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10018

DENISE COTE, District Judge:

This Opinion addresses plaintiffs' motions to amend the complaint, pursuant to Federal Rule of Civil Procedure 15, and

to add parties to the complaint, pursuant to Federal Rule of Civil Procedure 21.  Specifically, plaintiffs move to add five defendants to the complaint and to add a civil conspiracy claim against defendant Gregory Bowen ("Bowen").  For reasons to be discussed, plaintiffs' motion to amend the complaint as to Bowen is denied and plaintiffs' motion to add defendants is granted.

BACKGROUND

Plaintiffs Jack Grynberg ("Grynberg"), his Colorado corporation Grynberg Petroleum Company ("Grynberg Petroleum"), and RSM Production Corporation ("RSM"), a natural resource exploration and development firm, brought this diversity action for tortious interference with business relations and tortious interference with a purported contract between RSM and the nation-state of Grenada.  By Order dated August 10, 2007, plaintiffs' claims against defendant Gregory Bowen for tortious interference with a contract and tortious interference with business relations were dismissed because they were time-barred by the applicable statute of limitations on such actions under Colorado law.

The August 10 Order recited the pertinent facts, as drawn from the plaintiffs' complaint, as follows:

> In September 1996, Bowen first indicated to plaintiffs that they were expected to make him bribe payments in order to conduct business with Grenada.  On April 27, 2004, Bowen advised RSM that its April 14, 2004 application to the Government of Grenada for an oil

>and natural gas exploration license was untimely
>filed.  On August 31, 2004, RSM filed a Request for
>Arbitration with the World Bank's International Centre
>for the Settlement of Investment Disputes [ICSID] to
>challenge the denial of its license application.  On
>this day, therefore, plaintiffs were aware of both
>their injury -- the Grenadian government's refusal to
>grant them the requested license -- and its alleged
>cause -- Bowen's expectation of a bribe.  Plaintiffs
>filed their complaint on November 1, 2006.

Accordingly, it was determined that the plaintiffs' tort causes of action against Bowen accrued, at the latest, on August 31, 2004 and were thus time-barred.

DISCUSSION

Rule 15 instructs that leave to amend pleadings "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and Rule 21 allows for addition of parties "at any stage of the action and on such terms as are just," Fed. R. Civ. P. 21. Courts are instructed to construe these Rules liberally, see FTD Corp. v. Banker's Trust Co., 954 F. Supp. 106, 109 (S.D.N.Y. 1997), and a "motion to amend should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987).  A court should not deny the right to amend on grounds of mere delay absent a showing of bad faith or undue prejudice. Id.  When, however, "a moving party has had an opportunity to assert the amendment earlier, but has

waited until after judgment before requesting leave, a court may exercise its discretion more exactingly." State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990).

I.  Rule 15 Motion to Amend

Plaintiffs seek to add a single cause of action sounding in civil conspiracy against Bowen.  They assert that, unlike their time-barred tort claims against Bowen, the conspiracy cause of action is timely because plaintiffs first became aware of the elements of a civil conspiracy against Bowen in early 2006, when Grynberg was informed that Bowen was taking bribes from defendants Len Blavatnik and Mikhail Fridman, and that these defendants were funding Grenada's legal fees and expenses in the ICSID arbitration.  Bowen asserts that the conspiracy cause of action is not meaningfully different from the time-barred tort causes of action, and that plaintiffs' efforts to repackage their dismissed claims should be rejected.

Plaintiffs' original complaint twice charged that Bowen and his co-defendants "conspired" to interfere with RSM's business activity in Grenada, but failed to assert a cause of action sounding in conspiracy.  See Compl. ¶¶ 28, 29.  Additionally, as explained in the August 10 Order dismissing plaintiffs' claims against Bowen, the original complaint failed to establish the timeliness of those claims.  Plaintiffs' original complaint in

4

this action makes clear that, at the time of its filing, plaintiffs were aware of the alleged conspiracy they now seek to assert in an additional claim against Bowen.  Permitting them to amend their complaint after disposition of Bowen's motion to dismiss, and thereby to bring Bowen back in as a party to this action, would effect precisely the sort of "undue prejudice" a court must charily avoid in adjudicating Rule 15 motions.  Accordingly, the Rule 15 motion is denied.

   II.  Rule 21 Motion to Add Defendants

     Plaintiffs seek to add Global Petroleum Group, Ltd., Lev Model, TNK-BP Limited, BP, p.l.c., and Lord John Browne as defendants in this action, alleging that since filing their original complaint on November 1, 2006, plaintiffs have uncovered "substantial facts" of which they were not aware at that time.  Plaintiffs have alleged specific facts concerning each of these parties' involvement in a scheme to interfere with RSM's business in Grenada, and have further alleged that plaintiffs were unaware of these facts at the time they filed their original complaint.

     The parties to this action have thus far not engaged in any discovery, nor have the present defendants alleged any way in which they would be prejudiced by the addition of these five additional parties.  Accordingly, plaintiffs' Rule 21 motion to add parties is granted.

5

CONCLUSION

Plaintiffs' August 14, 2007 Rule 15 motion to amend its complaint is denied; their July 20, 2007 Rule 21 motion to add defendants is granted.

SO ORDERED:

Dated:   New York, New York
         September 28, 2007

					_____
					DENISE COTE
					United States District Judge