USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RSM PRODUCTION CORPORATION,
JACK J. GRYNBERG, and GRYNBERG
PETROLEUM COMPANY,

    Plaintiffs,

v.

MIKHAIL FRIDMAN, LEN BLAVATNIK,
LEV KORCHAGIN, GREGORY BOWEN,
LEV MODEL, GLOBAL PETROLEUM
GROUP, LTD., TNK-BP LIMITED,
LORD JOHN BROWNE, BP, p.l.c., and
JOHN DOES 1-5

    Defendants.

Before:    WALLACH, Judge
Court No.:  06-11512

## OPINION AND ORDER

### I

### BACKGROUND

Plaintiffs RSM Production Corporation, Jack F. Grynberg, and Grynberg Petroleum Company (collectively, "Plaintiffs") commenced this action for intentional tortious interference with prospective business advantages and tortious interference with contract on November 1, 2006. On April 30, 2007, Defendant Bowen moved to dismiss Plaintiffs' Complaint. Briefing was held in abeyance in light of a pending claim between the parties before a tribunal convened

by the World Bank's International Centre for the Settlement of Investment Disputes ("ICSID"); the motion was fully briefed on August 10. In the interim – and prior to the court's judgment on the motion – Plaintiffs made known, on several occasions, their intention to amend the Complaint to add a civil conspiracy claim against Defendant Bowen.

Plaintiffs' first request was submitted to the court on June 1, 2007, in their Memorandum of Law in Opposition to [Defendant] Leonard Blavatnik's Motion to Dismiss the Complaint ("Plaintiffs' Opposition to Blavatnik Dismissal"), Docket No. 69. In that Memorandum, Plaintiffs explicitly requested "permission to file an amended complaint which would include language that may address a . . . claim for civil conspiracy against Defendants." Plaintiffs' Opposition to Blavatnik Dismissal at 9-10. Plaintiffs also appended a proposed Amended Complaint as Exhibit 1 to their Motion to Add Parties Pursuant to Fed. R. Civ. P. 21 ("Motion to Add Parties"), Docket No. 77, which included a civil conspiracy claim against Defendant Bowen (and all other existing and proposed defendants). Motion to Add Parties, Pt. 3 at 30 (July 20, 2007). Plaintiffs requested, for the third time, leave of the court to amend the Complaint on August 3, 2007, in their Memorandum of Law in Opposition to Gregory Bowen's Motion to Dismiss ("Plaintiffs' Opposition to Bowen Dismissal"), Docket No. 80. In this Memorandum, Plaintiffs asserted that "the gravamen of this case is that a conspiracy existed amongst the Defendants . . . ." Plaintiffs' Opposition to Bowen Dismissal at 16-17. Plaintiffs also referred to the proposed Amended Complaint submitted with their Motion to Add Parties, which, as

previously discussed, included a claim for civil conspiracy against Defendant Bowen. Id. at 17 n.4.

On August 10, 2007, the same day that briefing was completed, the court granted Defendant Bowen's motion to dismiss the Complaint as time-barred. Order Granting Motion to Dismiss the Complaint, Docket No. 85. According to the court, Plaintiffs' causes of action accrued, at the latest, on August 31, 2004 – the date Plaintiffs filed their request for arbitration under the auspices of ICSID. Id. at 2-3. Four days later, on August 14, Plaintiffs filed a formal Motion to Amend the Complaint to Add a Civil Conspiracy Claim Against Gregory Bowen ("Motion to Amend the Complaint"), Docket No. 86.

On September 28, 2007, the court denied Plaintiffs' Motion. Opinion & Order Denying Motion to Amend Complaint ("Order Denying Plaintiffs' Motion to Amend"), Docket No. 96. The court's rationale was that at the time the original Complaint was filed, "[P]laintiffs were aware of the alleged conspiracy they now seek to assert in an additional claim against Bowen." Id. at 4-5. Thus, the court reasoned, "[p]ermitting them to amend their complaint after disposition of Bowen's motion to dismiss, and thereby bring Bowen back in as a party to this action, would effect precisely the sort of 'undue prejudice' a court must charily avoid in adjudicating Rule 15 motions." Id. at 5.

## II

## STANDARD OF REVIEW

Motions for reconsideration are governed in this district by the standards and procedural requirements contained in Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e). A party moving for

reconsideration must, in accordance with Local Civil Rule 6.3, submit a memorandum "setting forth concisely the matters or controlling decisions which counsel believe the court has overlooked." Further, Fed. R. Civ. P. 59(e) provides that such a motion must be filed within 10 days of the entry of the judgment.

A trial court's determination on a motion for reconsideration filed pursuant to Rule 59 of the Federal Rules of Civil Procedure is subject to a deferential review under the abuse of discretion standard. Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999). Notwithstanding the deference with which a trial court's decision is reviewed, the standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration "allows a party to direct the court to an argument the party has previously raised but the court has overlooked." Exportaciones Del Futuro S.A. de C.V. v. Iconix Brand Group Inc., No. 07 Civ. 4145, 2007 U.S. Dist. LEXIS 83309, at *2 (S.D.N.Y. November 6, 2007) (quoting Perez v. N.Y. Presbyterian Hosp., No. 05 Civ. 5749, 2006 U.S. Dist. LEXIS 27318, at *2 (S.D.N.Y. April 14, 2006)). It is not, however, "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Such a motion is appropriate "only where the movant demonstrates that 'the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion, and which, had they been considered, might have reasonably altered the result before the court.'" Exportaciones Del Futuro, 2007 LEXIS 83309 at *2 (citations omitted).

# III

# ANALYSIS

The Federal Rules of Civil Procedure take a permissive approach to the amendment of pleadings. Specifically, Fed. R. Civ. P. 15(a) provides that:

> (1) <u>Amending as a Matter of Course</u>. A party may amend its pleading once as a matter of course:
>
>     (A) before being served with a responsive pleading; . . .
>
> (2) <u>Other Amendments</u>. In all other cases, a party may amend its pleading only with the opposing party's written consent or with the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)-(2);[1] see also Mayle v. Felix, 546 U.S. 644, 655, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).

Further, Rule 7 of the Federal Rules of Civil Procedure establishes that a motion to dismiss is not a responsive pleading. Fed. R. Civ. P. 7(a), (b). Decisional law in the Second Circuit reflects the distinction made by Rule 7 between motions and pleadings that a motion to dismiss a claim does not extinguish Plaintiffs' right to amend the Complaint without seeking leave of the court. See, e.g., Thompson v. Carter, 284 F.3d 411, 415 n.2 (2d Cir. 2002); Barbara v. N.Y. Stock Exch., Inc., 99 F.3d 49, 56 (2d Cir. 1996). Once the motion to dismiss is granted, however, Plaintiffs' right to amend the Complaint without leave of court "terminates." Elfenbein

---

[1] The language of Fed. R. Civ. P. 15 was amended, effective December 1, 2007, as part of the overall "restyling" of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 86(a)(2)(b) provides that the amended rules govern proceedings in an action pending as of the effective date "unless . . . : the court determines that applying them in a particular action would be infeasible or work an injustice." Neither of those exceptions applies in the present case. Prior to the effective date of the amendment, Fed. R. Civ. P. 15(a) read, in pertinent part:

> A party may amend [its] pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend [its] pleading only by leave of court . . . ; and leave *shall be* freely given when justice so requires (emphasis added).

The "restyled" version of Fed. R. Civ. P. 15(a) provides, in subsection (2), that "[t]he court *should* freely give leave when justice so requires" (emphasis added). Although the word "should" might be interpreted as providing more discretion to the court in deciding upon a party's motion to amend the pleadings than the word "shall," the Advisory Committee Notes explicitly provide that the changes to Fed. R. Civ. P. 15 "are intended to be stylistic only." In any event, the court's discretion to rule upon a motion for reconsideration is undisturbed by the "restyling" of Fed. R. Civ. P. 15.

v. Gulf & W. Indus., Inc., 590 F.2d 445, 448 n.1 (2d Cir. 1978).

In the instant case, Plaintiffs did not file their Motion to Amend the Complaint until four days after the court had granted Defendant Bowen's Motion to Dismiss, as described in Section I. Therefore, Plaintiffs relinquished their opportunity to amend the Complaint as of right, as provided for in Fed. R. Civ. P. 15(a)(1)(A).

This does not end the inquiry, however, as Fed. R. Civ. P. 15(a)(2) establishes that Plaintiffs maintain the opportunity to amend the Complaint "with the court's leave." The rule also provides the court with the analytic framework for deciding whether to grant or deny Plaintiffs' request: "The court should freely give leave when justice so requires." Id. The standard in the Second Circuit is that a "motion to amend should be denied only for such reasons as 'undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.'" Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (quoting State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)). As a corollary to this principle, however, when "a moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly." State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990).

It is this second, more restrictive, standard that the court applied when denying Plaintiffs' Motion to Amend the Complaint. In so doing, the court did not articulate consideration of the fact that Plaintiffs had actually expressed their intention, and sought the court's permission (albeit unnecessarily), to amend the Complaint to include a civil conspiracy claim on three separate occasions prior to the dismissal of Plaintiffs' Complaint as against Defendant Bowen.

Plaintiffs' repeated disclosures – both to the court and to Defendant Bowen – of their

intent to amend the Complaint to add a civil conspiracy claim against Defendant Bowen, coupled with the analytic framework established by Fed. R. Civ. P. 15(a)(2) that "the court should freely give leave when justice so requires," support a finding that the Court's Order Denying Plaintiffs' Motion to Amend warrants reconsideration. There is nothing in the record to suggest undue delay, bad faith, futility, or (perhaps most importantly) prejudice to Defendant Bowen.

## IV

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is GRANTED and, upon reconsideration, this court holds that Plaintiff may amend the Complaint to add a civil conspiracy claim against Defendant Bowen. Plaintiff should file the amended Complaint by February 27, 2008.

SO ORDERED.

_____
Evan J. Wallach, Judge

Dated: February 19, 2008
　　　　New York, New York