USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RSM PRODUCTION CORPORATION,
JACK J. GRYNBERG, and GRYNBERG
PETROLEUM COMPANY,

    Plaintiffs,

v.

MIKHAIL FRIDMAN, LEN BLAVATNIK,
LEV KORCHAGIN, GREGORY BOWEN,
LEV MODEL, GLOBAL PETROLEUM
GROUP, LTD., TNK-BP LIMITED,
LORD JOHN BROWNE, BP, p.l.c., and
JOHN DOES 1-5

    Defendants.

Before:   WALLACH, Judge
Court No.:  06-cv-11512

## OPINION AND ORDER

### I

### INTRODUCTION

Defendant Gregory Bowen moves the court to reconsider its February 19, 2008 Opinion and Order ("Reconsideration Opinion"). Therein, the court granted Plaintiffs' Motion for Reconsideration of an earlier Opinion that denied its Motion to Amend the Complaint to add a civil conspiracy claim against Defendant Bowen. Upon reconsideration, the court granted Plaintiffs' Motion to Amend the Complaint and directed Plaintiffs to file the Amended Complaint by February 27, 2008.

Because Defendant Bowen has not met the requisite standard of decision, his Motion for Reconsideration is denied.

## II

## BACKGROUND

Plaintiffs commenced this action for intentional tortious interference with prospective business advantages and tortious interference with contract relating to the exploration and development of natural resources off the shore of Grenada on November 1, 2006. Familiarity with the facts and procedural background of this case, as set forth in the Reconsideration Opinion, is presumed. In short, after Defendant Bowen was dismissed from the action, Plaintiffs filed a Motion to Amend the Complaint; that Motion was denied. Thereafter, Plaintiffs filed a Motion for Reconsideration; Plaintiffs' Motion for Reconsideration was granted and, upon reconsideration, the court granted Plaintiffs' Motion to Amend the Complaint. Reconsideration Opinion at 7.

The court's holding was based on: (1) Plaintiffs' repeated disclosures—both to the court and to Defendant Bowen—of their intent to amend the Complaint to add a civil conspiracy claim against Defendant Bowen, id. at 2–3; (2) the analytic framework established by Fed. R. Civ. P. 15(a)(2) that "[t]he court should freely give leave [to amend a complaint] when justice so requires," id. at 6; and (3) Defendant Bowen's failure to establish that: (a) Plaintiffs' effort to amend the Complaint was the result of undue delay or was made in bad faith, (b) Plaintiffs' proposed amendment would be futile, or (c) he would otherwise be prejudiced if the court permitted Plaintiffs to amend the Complaint, id. at 7. In the instant Motion for Reconsideration, Defendant Bowen contends only that the court did not properly consider whether the amendment would be futile.

# III

## STANDARD OF REVIEW

Motions for reconsideration are governed in this district by the standards and procedural requirements contained in Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e). A party moving for reconsideration must, in accordance with Local Civil Rule 6.3, submit a memorandum "setting forth concisely the matters or controlling decisions which counsel believe the court has overlooked." Further, Fed. R. Civ. P. 59(e) provides that such a motion must be filed within 10 days of the entry of the judgment.

A trial court's determination on a motion for reconsideration is subject to a deferential review under the abuse of discretion standard. Harris v. Kuhlmann, 346 F.3d 330, 348 (2d Cir. 2003). Nevertheless, the standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration "allows a party to direct the court to an argument the party has previously raised but the court has overlooked." Exportaciones Del Futuro S.A. de C.V. v. Iconix Brand Group Inc., No. 07 Civ. 4145, 2007 U.S. Dist. LEXIS 83309, at *2 (S.D.N.Y. November 6, 2007) (quoting Perez v. N.Y. Presbyterian Hosp., No. 05 Civ. 5749, 2006 U.S. Dist. LEXIS 27318, at *2 (S.D.N.Y. April 14, 2006)). It is not, however, "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Id. (quoting Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)).

# IV

# ANALYSIS

The trial court has discretion "whether or not to grant leave to amend, and its discretion is not subject to review on appeal except for abuse of discretion." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) (citation omitted); see also Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008). One appropriate basis for denying leave to amend a complaint is where the proposed amendment would be futile.[1] Patane v. Clark, 508 F.3d 106, 113 n.6 (2d Cir. 2007); Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002). An amendment to a pleading would be futile "if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente, 310 F.3d at 258 (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002)).

Because this is a motion for reconsideration, Defendant Bowen must present controlling law or relevant facts that the court overlooked when it issued its Reconsideration Opinion. Shrader, 70 F.3d at 257. Specifically, Defendant Bowen must demonstrate that he established, on the record below, that Plaintiffs' proposed claim for civil conspiracy would be futile. Defendant Bowen has not done so.[2] Defendant Bowen contends that the court "appears to have overlooked the panoply of reasons . . . offered for why the proposed amendment would indeed be futile." Defendant's Motion for Reconsideration at 1. According to Defendant Bowen, "had the

---

[1] A trial court may also deny a motion to amend a complaint "for such reasons as 'undue delay, bad faith, . . . and perhaps most important, the resulting prejudice to the opposing party.'" Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (quoting State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)); see also Wiwa v. Royal Dutch Petroleum Co., 96 Civ. 8386 (KMW) (HBP), 2007 U.S. Dist. LEXIS 72562, at *3–*4 (S.D.N.Y. September 28, 2007) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Defendant does not address these other reasons in the instant Motion for Reconsideration.

[2] Defendant Bowen has, however, presented the court with a list of other cases involving Plaintiff Jack Grynberg. Defendant's Motion for Reconsideration at 2–4. Because this is a motion for reconsideration of an opinion granting leave to amend—and not a vexatious litigation action, an action seeking attorney's fees, or any other action in which such information would be relevant to the court's deliberations—the court considers this information to be an ad hominem attack on Plaintiff Grynberg. Accordingly, it has not informed the court's analysis in deciding this Motion.

Court fully considered those defenses, the Court's . . . recent decision to permit plaintiffs leave to amend . . . would and should be different." Id. at 1-2. In support of this assertion, Defendant Bowen cites cases that affirm the proposition that a trial court has considerable discretion in its decision whether to grant or deny leave to amend. See Defendant's Motion for Reconsideration at 9 (citing, e.g., Book v. Tobin, 263 F. App'x 174, 175 (2d Cir. 2008) (finding that trial court did not abuse discretion when it denied leave to amend on the ground of futility because it had already dismissed the complaint for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine, which prohibits parties from seeking relief in federal courts from adverse state-court judgments); Patane, 508 F.3d at 113 n.6 (finding that trial court did not abuse discretion when it denied leave to amend where proposed amendment would be futile because, even with the proposed amendment, complaint would still fail to state a claim); Nettis v. Levitt, 241 F.3d 186, 192–93 (2d Cir. 2001) (finding that trial court did not abuse discretion when it denied leave to amend where proposed amendment would be futile because proposed amendment would not relate back to original claims under Fed. R. Civ. P. 15(c)(1) and (2) and would, therefore, be time-barred), overruled on other grounds by Slayton v. Am. Express, 460 F.3d 215 (2d Cir. 2006)).

In ruling on Plaintiffs' Motion for Reconsideration of the Opinion Denying Leave to Amend, the court reviewed the record and determined that Defendant Bowen had not submitted evidence demonstrating that Plaintiffs' proposed amendment would be futile. Defendant Bowen argued that the proposed amendment would be futile, but his principal argument was that the proposed amendment was time-barred. See Memorandum of Law on Behalf of Defendant Gregory Bowen in Opposition to Plaintiffs' Rule 21 and Rule 15 Motions (August 31, 2007) ("Defendant's Opposition to Motion to Amend"), at 3–9. The substance of Defendant Bowen's

time-bar argument was limited to a discussion of the relationship between claims for civil conspiracy and the underlying tort—a relationship that Defendant Bowen recognizes has not yet been precisely defined by the Colorado Supreme Court. Id. at 5–6. Because the limitations issue is not clear on the face of the Complaint, the matter is not appropriate for dismissal under Fed. R. Civ. P. 12(b)(6) standards. See LC Capital Partners, LP v. Frontier Ins. Group, 318 F.3d 148, 156 (2d Cir. 2003). Defendant Bowen did not present any arguments directed to the futility of Plaintiffs' proposed amendment on the grounds of either sovereign immunity or personal jurisdiction, but instead referred back to those arguments as presented in a motion to dismiss an earlier vision of the Complaint that did not include a civil conspiracy claim, Defendant's Opposition to Motion to Amend at 9; that Motion was filed on April 30, 2007. Defendant Bowen did not address how, if at all, those arguments might be affected by Plaintiffs' proposed claim for civil conspiracy. See id.

Indeed, Defendant Bowen appears to have recognized that he did not meet his burden of establishing futility in opposing either the underlying Motion to Amend the Complaint or Plaintiffs' Motion for Reconsideration. After filing the instant Motion for Reconsideration, Defendant Bowen filed a motion to dismiss the Amended Complaint[3] and then requested that the court consider both motions together. The court declines to jointly consider the instant Motion for Reconsideration and the subsequently filed Motion to Dismiss. As discussed above, Defendant has not pointed to anything in any of the referenced documents or in any case law binding this court that compels a different holding with respect to futility than that articulated in the court's Reconsideration Opinion.

---

[3] Plaintiffs argue that the filing of the Amended Complaint renders Defendant's Motion for Reconsideration moot, Memorandum of Law in Opposition to Gregory Bowen's Motion for Reconsideration at 2–3, but do not support that argument with appropriate citations. Therefore, the court has not considered that argument.

6

# V

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration is DENIED.

SO ORDERED.

                                                                                               _/s/ Evan J. Wallach_____
                                                                                                Evan J. Wallach, Judge

Dated: September 23, 2008
       New York, New York